1

2

3                                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   ALLSTATE INSURANCE COMPANY,  )   Case No. CV 11-06704 DDP (VBKx)
                                   )
12                  Plaintiff,     )   **ORDER FOR SUPPLEMENTAL BRIEFING**
                                   )   **ON DEFENDANT'S MOTION TO DISMISS**
13        v.                       )
                                   )
14   DINO BAGLIONI and PAULINE     )   [Docket No. 13]
     BAGLIONI,                     )
15                                 )
                    Defendants.    )
16                                 )
     _____   )
17

18        Presently before the court is Defendant Dino Baglioni's Motion

19   to Dismiss Plaintiff's Complaint ("Motion").  Among other things,

20   Defendant contends that Plaintiff Allstate Insurance Company

21   "completely fails to allege the facts" required to set forth an

22   insurance settlement reimbursement claim under Blue Ridge Ins. Co.

23   v. Jacobsen, 25 Cal. 4th 489 (2001).  The court must therefore

24   determine whether Plaintiff adequately alleges meeting the three

25   prerequisites to seek reimbursement under Blue Ridge: "(1) a timely

26   and express reservation of rights; (2) an express notification to

27   the insureds of the insurer's intent to accept a proposed

28   settlement offer; and (3) an express offer to the insureds that

1  they may assume their own defense when the insurer and insureds

2  disagree whether to accept the proposed settlement." _Id._ at 502.

3      Here, only the third requirement is at issue.  Plaintiff

4  argues that "[b]ecause Allstate was defending Baglioni at its

5  expense and did not seek to withdraw that defense, it was

6  unnecessary for Allstate to offer Baglioni to assume his own

7  defense."  (Opp'n at 3.)  _Blue Ridge_, however, does not expressly

8  provide such an exception to making this option available to

9  insureds.  _See id._ at 494 ("[The insurer] also gave [insureds] the

10  option to assume their own defense if they found the settlement

11  offer unreasonable.").

12      Because neither party discusses the third requirement in any

13  detail, the court requests supplemental briefing.  Each party shall

14  submit a single supplemental brief, addressing only the issue set

15  forth above: whether, as a matter of law, Plaintiff's alleged

16  actions satisfy _Blue Ridge_'s third prerequisite to seeking

17  reimbursement.  Each brief shall be no more than ten pages in

18  length, and shall cite to and discuss only the three decisions that

19  the party believes are most controlling or persuasive.  The briefs

20  shall be due no later than December 22, 2011.

21

22  IT IS SO ORDERED.

23

24

25  Dated: December 12, 2011

26                                   DEAN D. PREGERSON
                                     United States District Judge

27

28

2