O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | Case No. CV 11-06704 DDP (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER FOR SUPPLEMENTAL BRIEFING** |
| | ) | **ON DEFENDANT'S MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| DINO BAGLIONI and PAULINE BAGLIONI, | ) | [Docket No. 13] |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Presently before the court is Defendant Dino Baglioni's Motion to Dismiss Plaintiff's Complaint ("Motion"). Among other things, Defendant contends that Plaintiff Allstate Insurance Company "completely fails to allege the facts" required to set forth an insurance settlement reimbursement claim under <u>Blue Ridge Ins. Co. v. Jacobsen</u>, 25 Cal. 4th 489 (2001). The court must therefore determine whether Plaintiff adequately alleges meeting the three prerequisites to seek reimbursement under <u>Blue Ridge</u>: "(1) a timely and express reservation of rights; (2) an express notification to the insureds of the insurer's intent to accept a proposed settlement offer; and (3) an express offer to the insureds that

they may assume their own defense when the insurer and insureds disagree whether to accept the proposed settlement." Id. at 502.

Here, only the third requirement is at issue. Plaintiff argues that "[b]ecause Allstate was defending Baglioni at its expense and did not seek to withdraw that defense, it was unnecessary for Allstate to offer Baglioni to assume his own defense." (Opp'n at 3.) Blue Ridge, however, does not expressly provide such an exception to making this option available to insureds. See id. at 494 ("[The insurer] also gave [insureds] the option to assume their own defense if they found the settlement offer unreasonable.").

Because neither party discusses the third requirement in any detail, the court requests supplemental briefing. Each party shall submit a single supplemental brief, addressing only the issue set forth above: whether, as a matter of law, Plaintiff's alleged actions satisfy Blue Ridge's third prerequisite to seeking reimbursement. Each brief shall be no more than ten pages in length, and shall cite to and discuss only the three decisions that the party believes are most controlling or persuasive. The briefs shall be due no later than December 22, 2011.

IT IS SO ORDERED.

Dated: December 12, 2011

DEAN D. PREGERSON
United States District Judge

2