O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | Case No. CV 11-06704 DDP (VBKx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) ) | |
| DINO BAGLIONI and PAULINE BAGLIONI, | ) ) | [Docket No. 13] |
| Defendants. | ) ) ) | |

Presently before the court is Defendant Dino Baglioni's Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to FRCP 12(b)(6) ("Motion"). Having reviewed the parties' moving papers and supplemental briefs, the court GRANTS the Motion.

**I. BACKGROUND**

Defendant Dino Baglioni ("Baglioni") carried homeowners' and umbrella insurance policies through Plaintiff Allstate Insurance Company ("Allstate"). On September 4, 2010, Baglioni shot Marcos Dodson during a domestic altercation, rendering Dodson paraplegic. On February 14, 2011, Dodson filed suit against Baglioni in California state court ("Dodson Lawsuit"), for intentional torts and general negligence related to the altercation. Allstate

defended Baglioni in the Lawsuit, "subject to a full reservation of rights," including the right to seek reimbursement for settlement of uncovered claims.  Pursuant to California Civil Code section 2860, Allstate also provided Baglioni the option to retain independent counsel to defend him at Allstate's expense, given the potential conflict of interest.  (1st Am. Compl. ("FAC") ¶¶ 7-10; Pl.'s Mot. for Prelim. Inj. ("PI Mot."), Ex. 6 at 165-67.)

On July 13, 2011, "Dodson demanded that Allstate settle the Dodson Lawsuit on behalf of Baglioni for $2 million, the combined liability limits of Baglioni's Allstate Policies."  On August 3, 2011, Allstate sent a letter to Baglioni, informing him of Allstate's intent to accept the settlement demand and then seek reimbursement from Baglioni.  Allstate further informed Baglioni that it would "proceed with this plan unless [by August 11, 2011,] you state unequivocally in writing that if Allstate does not pay Mr. Dodson $2,000,000, you will waive your right later to contend that Allstate unreasonably failed to accept Mr. Dodson's offer to settle."  (FAC ¶¶ 12-14; PI Mot., Ex. 8 at 172-74.)

Baglioni did not respond to Allstate's letter.  (FAC ¶ 15.) Accordingly, Allstate settled the Dodson lawsuit and filed this action on August 15, 2011, alleging that the underlying incident was not covered by Baglioni's policies and seeking reimbursement of the settlement amount.  Allstate filed its First Amended Complaint on September 22, 2011, to add a dependent claim for fraudulent transfer.  Baglioni filed this Motion to Dismiss on October 14, 2011.  On December 12, 2011, the court asked the parties to file supplemental briefing, to address whether Allstate adequately alleged meeting one of the requirements for a reimbursement action

2

1  under California law: making "an express offer to the insureds that
2  they may assume their own defense when the insurer and insureds
3  disagree whether to accept the proposed settlement." Blue Ridge
4  Ins. Co. v. Jacobsen, 25 Cal. 4th 489, 502 (2001).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted. When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

## III. DISCUSSION

In his Motion, Baglioni contends that Allstate "completely fails to allege the facts" required for an insurance settlement reimbursement claim under California law. The court must therefore determine whether Plaintiff adequately alleges meeting Blue Ridge's three prerequisites for such a claim: "(1) a timely and express

3

reservation of rights; (2) an express notification to the insureds of the insurer's intent to accept a proposed settlement offer; and (3) an express offer to the insureds that they may assume their own defense when the insurer and insureds disagree whether to accept the proposed settlement."  25 Cal. 4th at 502.

Here, only the third requirement is at issue.  Allstate admits that it did not expressly inform Balgioni that he could assume his own defense.  In its Opposition to the Motion, however, Allstate contends that: "Because Allstate was defending Baglioni at its expense and did not seek to withdraw that defense, and because Baglioni did not object to the proposed settlement, it was unnecessary for Allstate to offer Baglioni to assume his own defense."  In its Supplemental Brief, Allstate further explains its failure to make such an offer, discussing Blue Ridge and two district court decisions.

The court declines to create an exception to Blue Ridge's requirement of an express offer to insureds to assume their own defense.  Blue Ridge strikes a balance between the rights of insurers and insureds, by allowing insurers to seek reimbursement for settlements of uncovered claims, but also requiring insurers to first offer to their insureds at least two options: 1) to agree to the settlement - and thereby avoid incurring any legal costs, but risk liability for reimbursement; or 2) to assume their own defense - and thereby control the litigation and settlement, but also take on the legal costs.  See id. at 502-05; id. at 506-07 (Mosk, J., concurring).  Further, as two Justices explain in a concurrence, an insurer may, but is not required to, provide a third option: "to allow the insured to refuse settlement and still retain the

4

insurance defense, but, consistent with that refusal, waive any right to sue the insurance company for bad faith failure to refuse a settlement." Id. at 506-07 (Mosk, J., concurring); see also id. at 497, 504 (majority opinion) (discussing this potential insurer liability).

Here, Allstate claims that it offered a similar but even "more generous" choice to Baglioni - to refuse settlement and continue receiving the insurer-provided defense, without even having to "agree not to sue Allstate." (Supplemental Br. at 3.) As an initial matter, the court notes that Allstate's description of its offer is false. As mentioned, Allstate's letter stated that it would accept the settlement unless Baglioni unequivocally waived in writing his "right later to contend that Allstate unreasonably failed to accept" the settlement. In fact, Allstate repeatedly emphasized this waiver requirement. (See PI Mot., Ex. 8 at 173 ("Allstate will abide by your wishes, but only if you agree to waive any right you might otherwise have to contend that Allstate should have, but failed to, pay Mr. Dodson's claim."); id. ("If you do not inform Allstate . . . that you will waive any rights you may have to impose liability on Allstate for failing to accept the settlement demand, Allstate will pay Mr. Dodson its policy limit and then seek reimbursement from you . . . ."); id. at 174 (stating, above a signature line provided for Baglioni: "I, Dino Baglioni, direct Allstate not to accept the $2,000,000 settlement demand referred to above. In exchange, I hereby waive all rights to contend that Allstate unreasonably failed to accept that settlement demand, and release all rights to seek damages from Allstate based on its failure to accept that settlement demand.").)

5

However, Allstate's misrepresentation notwithstanding, the court must still determine whether Allstate's actual offer - to decline the settlement and continue providing a defense, contingent on Baglioni waiving his right to later sue Allstate for failing to settle - can excuse Allstate's failure to expressly offer Baglioni the opportunity to assume his own defense. As discussed, the Blue Ridge concurrence does suggest Allstate's offer as a third option that insurers might provide. Further, two district court decisions have found exceptions to Blue Ridge's "assume your own defense" requirement. First, in Progressive West Ins. Co. v. Dallo, the court held that "Blue Ridge does not require an insurer to . . . make an express offer to the insureds that they assume their own defense where the insurer and insured have demonstrated their assent to settling an underlying case and have further agreed on the amount of money appropriately applied to such settlement." No. 08CV1003, 2007 WL 3225439, at *7 (S.D. Cal. Oct. 30, 2007). Second, in Phillips & Assocs., P.C. v. Navigators Ins. Co., the court found that the insurer complied with Blue Ridge despite allegedly failing to offer the insureds the opportunity to assume their own defense, because: 1) the insurer had "reserved its rights upon initially accepting the defense"; 2) the insureds "were aware of this reservation well before settlement and did not disagree with [the insurer] on whether to accept settlement"; and 3) the insureds had previously signed a waiver of "their right to select independent counsel." 764 F. Supp. 2d 1174, 1177 (D. Ariz. 2011).

This court is not persuaded that any of this precedent excuses Allstate's failure here to comply with Blue Ridge's explicit requirement to offer its insured the opportunity to assume his own

6

defense. First, as noted, the Blue Ridge concurrence provides a "third option" - not a substitute for the other two options, including the insured's option "to assume its own defense." 25 Cal. 4th at 506-07 (Mosk, J., concurring) (emphasis added). Indeed, the Blue Ridge insurer had offered all three options in its pre-settlement letter:

> Blue Ridge has evaluated and considers the settlement demand reasonable and thus, intends to pay the same under reservation of rights absent an unequivocal statement from you on behalf of the Jacobsens that they wish to either assume their defense or that they consider the case one of no liability and will not contend that Blue Ridge has an obligation to pay the settlement demand.

Id. at 496 (majority opinion) (internal quotation marks omitted); see also id. at 504 ("By refusing to agree Blue Ridge could reserve its right to reimbursement, or that the settlement offer was unreasonable, or that they would assume their own defense, the Jacobsens essentially demanded that Blue Ridge settle the case without any recourse against the Jacobsens should the claim not be covered.").

Second, the court finds that Progressive's holding would not apply to the facts here, as Baglioni's silence in response to Allstate's letter did not sufficiently "demonstrate[ his] assent to settl[e]." 2007 WL 3225439, at * 7. In Progressive, to the contrary, the insured had allegedly "encouraged" the insurer "to unilaterally offer its policy limits" to "resolve th[e] case." Id. at *8. Further, the court respectfully disagrees with Progressive's holding. Blue Ridge sets forth three clear requirements, with which insurers can easily comply by initially reserving their rights, then sending a single letter - informing the insureds of the insurer's intent to accept the settlement, and

7

offering the insureds the opportunity to assume their own defense.

To be fair, the <u>Progressive</u> court reasonably found that the "assume your own defense" offer requirement was conditioned by the language: "<u>when</u> the insurer and insureds disagree on whether to accept the proposed settlement." 2007 WL 3225439, at * 7 (quoting <u>Blue Ridge</u>, 25 Cal. 4th at 502) (emphasis added). However, for a numbers of reasons, this court concludes that it is more appropriate to read the language as being part of the "express offer," not a precondition.

First, <u>Blue Ridge</u> does not suggest any staggered timing for its two notification requirements - whereas the <u>Progressive</u> holding would require insurers to notify insureds of the settlement, but potentially allow them to wait for an objection before telling the insureds of their option to assume their own defense. Indeed, on the facts that <u>Blue Ridge</u> found sufficient for a reimbursement claim, the insurer had met both requirements simultaneously:

> On June 4, 1996, Blue Ridge informed the Jacobsens that it had determined the settlement offer was reasonable. It proposed to accept the demand under a reservation of its right to seek recovery of the settlement amount from the Jacobsens. It also gave the Jacobsens the option to assume their own defense if they found the settlement offer unreasonable.

25 Cal. 4th at 494. Also, consistent with <u>Blue Ridge</u>'s policy of providing fair options to the insured, it makes more sense to require insurers to immediately inform insureds of their choices with regard to settlement, instead of allowing insurers to wait for an objection. Otherwise, insureds might choose not to object to the settlement, only because they did not know that they had the option to assume their own defense. Last, reading the "when the insurer and insureds disagree" language as a precondition would

8

require courts to determine whether insureds had demonstrated their assent or instead objected to settlement, in cases like this one. The court declines to take this more difficult route - given what could instead be interpreted as a simple, bright-line requirement - unless the California courts expressly direct it to do so.

Similarly, the court respectfully disagrees with Phillips that an initial reservation of rights by the insurer and waiver of independent counsel by the insured can substitute for the required "assume your own defense" offer. Again, Blue Ridge itself provides no exception to its three simple requirements. See 25 Cal. 4th at 503 (holding that "if the insurer, as in this case, satisfies the prerequisites noted above, it should be deemed to have an implied-in-law right of reimbursement"). Further, Phillips' holding appears to be contrary to the facts of Blue Ridge, where the court imposed the "assume your own defense" requirement, despite the insurer having initially reserved its rights and offered independent counsel to its insureds. See 25 Cal. 4th at 493. As Baglioni notes, an insurer's initial offer to the insureds to choose independent counsel - as required by section 2860, to avoid potential conflicts - is not the same as later offering the insureds the opportunity to entirely assume their own defense.

Finally, it is true, as Phillips notes, that Blue Ridge quotes a California appellate case stating that "there was in fairness no need for the insurer to offer the defense to the insured," when "the insured knew from the oustet it might be responsible for paying a judgment in the underlying action." Blue Ridge, 25 Cal. 4th at 500-01 (quoting Golden Eagle Ins. Co. v. Foremost Ins. Co., 20 Cal. App. 4th 1372, 1393 (1993)). However, Blue Ridge prefaces

9

its extended discussion of prior cases, including this quote, by noting that the court "may not agree with all of the reasoning" of the cases, but simply finds them "useful in understanding" the insurer's actions. 25 Cal. 4th at 498. Further, as discussed, Blue Ridge ultimately appears to reject Golden Eagle's statement, by requiring not only an initial reservation of rights, but also notice of intent to settle and an express offer to insureds to assume their own defense.

Returning to the facts here, Allstate admittedly failed to provide this express offer to Baglioni. Instead, Allstate offered to reject the settlement and continue defending Baglioni, but only if he waived his right to sue Allstate for failing to accept a reasonable settlement. Accordingly, Allstate offered Baglioni one of the two options required by Blue Ridge - i.e. for Baglioni to accept the settlement - as well as the third "optional" option suggested by the concurrence - i.e. to continue defending Baglioni, if he waived his right to later sue Allstate. Allstate failed, however, to offer Baglioni the second required option under Blue Ridge - i.e. for Baglioni to assume his own defense. For all the reasons discussed, the court declines to read any exception into Blue Ridge's requirement to expressly offer this option.

## IV.  CONCLUSION

Accordingly, the court GRANTS the Motion to Dismiss, and dismisses the entire matter with prejudice.

IT IS SO ORDERED.

Dated: March 2, 2012

DEAN D. PREGERSON
United States District Judge

10